Tom GEORGE, Chris Vitron, Lori Chapko, and Edward Snead, on behalf of themselves and all others similarly situated, Plaintiffs–Appellants,

v.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, Defendant–Appellee.

No. 94S00–1010–CQ–544.

Supreme Court of Indiana.

Oct. 29, 2010.

## PUBLISHED ORDER ACCEPTING CERTIFIED QUESTION

Pursuant to Indiana Appellate Rule 64, the United States Court of Appeals for the Seventh Circuit has certified questions of Indiana state law for this Court's consideration. The question arises in *George v. NCAA,* Case No. 09–3667 (7th Cir.). The questions, as framed by the court of appeals, are:

1. Do the plaintiffs' allegations about the NCAA's method for allocating scarce tickets to championship tournaments describe a lottery that would be unlawful under Indiana law?

2. If the plaintiffs' allegations describe an unlawful lottery, would the NCAA's method for allocating tickets fall within the Ind.Code § 35–45–5–1(d) exception for "bona fide business transactions that are valid under the law of contracts"?

3. If the plaintiffs' allegations describe an unlawful lottery, do plaintiffs' allegations show that their claims are subject to an *in pari delecto defense as described in Lesher [v. Baltimore Football Club* ], 496 N.E.2d [785,] 790 n. 1 [ (Ind.Ct.App.1986) ], and *Swain v. Bussell,* 10 Ind. 438, 442 (1858)?

The certified questions, which each member of this Court has considered, are hereby ACCEPTED pursuant to Indiana Appellate Rule 64.

This particular matter comes to us following full briefing and a published opinion issued by the Court of Appeals. *See George v. NCAA,* 613 F.3d 658 (7th Cir. 2010), *vacated.* We intend to rely on the briefing and opinion already filed with or issued by the Court of Appeals in this matter, rather than require additional briefing by the parties. However, if Appellants and/or Appellee wish to submit supplemental briefing, they may do so on or before **Wednesday, November 24, 2010,** provided that the Appellants may submit only one supplemental brief between them. Any supplemental brief shall be entitled "Supplemental Brief of [Appellant or Appellee]," shall conform to the cover requirements of Indiana Appellate Rule 43(H), and **shall be limited to 2,000 words** as determined by Indiana Appellate Rule 44(C) and accompanied by a word count certificate, *see* Ind. Appellate Rule 44(F). Other than as stated above, any supplemental brief shall conform to the requirements of Indiana Appellate Rules 43, 44, and 46. No additional appendices shall be filed, and there shall be no brief filed in response to a supplemental brief. If a party wishes to address points raised in an opposing party's supplemental brief, it may do so at oral argument, which shall be scheduled by separate order.

Counsel for each party shall file an appearance as required by Appellate Rule 16(C). Because all orders and opinions in this matter will be transmitted to the parties' counsels via electronic mail, *see* Ind. Appellate Rule 26(A) (West 2010), each

appearance **must include a valid e-mail address** at which counsel desires to receive this Court's orders and opinion. In addition, any attorney wishing to appear in this proceeding who has not been admitted to practice law in Indiana must comply with Indiana Admission & Discipline Rule 3, section 2, concerning temporary admission. *The Court informs counsel that complying with Rule 3, section 2's requirements for temporary admission can, for some, prove time-consuming; therefore, any affected out-of-state counsel are encouraged to undertake meeting those requirements as soon as possible.* Only counsel who have been admitted to practice law in Indiana and who have filed an appearance with this Court may be listed on any supplemental briefing, participate in oral argument, and receive future distributions in this matter from the Clerk of this Court.

All filings and submissions shall be made with the Clerk of the Indiana Supreme Court and served upon all counsel of record. Joint filings and submissions shall be signed by counsel for each party, rather than by counsel for one party on behalf of all parties.

Extensions of time will be granted only in **truly extraordinary circumstances** and any motion seeking an extension of time must be made jointly by the parties. Failure by a party's counsel to comply with the requirements for temporary admission will not provide sufficient grounds for extending any deadline in this matter.

The Clerk is directed to send a copy of this order to the Hons. Richard D. Cudahy and Michael S. Kanne, Circuit Judges of the United States Court of Appeals for the Seventh Circuit; the Hon. John W. Darrah, District Judge for the Northern District of Illinois, sitting by designation; the Hon. Gino J. Agnello, Clerk of the United States Court of Appeals for the Seventh Circuit; to Robert B. Carey, HAGENS BERMAN SOBOL SHAPIRO LLP; to William N. Riley, PRICE WAICU-KAUSKI & RILEY, LLC; and to Douglas N. Masters, Benjamin R. King, and Michael L. Mallow, LOEB & LOEB LLP. The Clerk is also directed to post this order to the Supreme Court's website, and Thomson Reuters is directed to publish this order in the bound volumes of this Court's decisions.